THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENTAL HEALTH SERVICES, INC., | CASE NO. C20-1591-JCC |
| Plaintiff, | ORDER |
| v. | |
| REGULATORY INSURANCE ADVISORS, LLC, | |
| Defendant. | |

This matter comes before the Court on Defendant Regulatory Insurance Advisor, LLC's (RIA) motion to compel arbitration and to stay (Dkt. No. 9). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

Plaintiff Dental Health Services, Inc. (DHS) is a health care service contractor offering dental insurance plans. (Dkt. No. 1-1.) It engaged RIA in September 2017 to provide regulatory and compliance consulting services. (*Id.*) By late 2018, their relationship soured. Each party alleges that the other breached their agreement. (Dkt. Nos. 9 at 4; 11 at 2–3.) RIA filed an expedited arbitration claim against DHS in August 2020. (*Id.*) DHS objected to the arbitration action and brought suit in King County Superior Court in October 2020, asserting declaratory

judgment and breach of contract claims against RIA. (Dkt. No. 1-1 at 2.) RIA removed the matter to this Court and now moves to compel arbitration and stay the case pending arbitration. (Dkt. Nos. 1, 9.) RIA argues that the dispute resolution provision contained in the parties' 2017 services agreement requires arbitration of "any disputes" between the parties. (Dkt. No. 9 at 1.) DHS opposes, arguing that the provision's plain language does not require arbitration and, even if it does, the provision is illusory, unenforceable, and/or invalid. (Dkt. No. 11 at 7–11.)

## II.   DISCUSSION

### A.   Legal Standard

Section 2 of the Federal Arbitration Act (FAA) makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). However, Section 2 also provides that arbitration agreements may be invalidated by generally applicable contract defenses. *Id.* The FAA requires courts to compel arbitration if (1) a valid agreement to arbitrate exists, and (2) the dispute falls within the scope of that agreement. *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If both of these two requirements are fulfilled, then the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Id.* If the Court determines that the claims are subject to arbitration, the Court should "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

### B.   Valid Agreement to Arbitrate

The parties executed their services agreement in October 2017. (Dkt. Nos. 10-3; 12-1.) Neither party disputes the validity of the agreement, outside of the provision below:

> **13. DISPUTE RESOLUTION**
> [Sentence 1:] Any dispute between RIA and [DHS] shall be resolved by binding arbitration conducted in accordance [sic] the expedited commercial dispute

      resolution procedures of the American Arbitration Association, with each Party evenly sharing such costs including initial deposits. [Sentence 2:] The arbitration shall be held in Omaha, Nebraska if initiated by [DHS], and in Seattle, Washington if initiated by RIA, or such other mutually acceptable location. [Sentence 3:] Either RIA or [DHS] may seek an order of any court of competent jurisdiction to enforce this arbitration agreement or to enforce the ruling of the arbitrators. [Sentence 4:] **Additionally, RIA and [DHS] do not waive any right to trial by jury in a court of law to resolve any dispute**.

(Dkt. Nos. 10-3 at 8; 12-1 at 9 (emphasis added).)

      At issue in this matter is the import of the fourth sentence. RIA argues that the Court should read the sentence in the context of the third sentence. (Dkt. No. 9 at 10–11.) Collectively, those sentences provide that, the parties may seek a court order to enforce the arbitration agreement or to enforce the ruling of the arbitrators and, *where they do*, the parties need not waive their right to a jury trial. (*Id.*) DHS argues that the fourth sentence should be read in isolation, *i.e.*, each party has an absolute right to a trial by jury "to resolve any dispute." (Dkt. No. 11 at 7–12.) Read in this manner, the Court would have no basis to compel DHS to arbitrate. (*Id.*) RIA has the better argument.

      The argument by DHS yields an unnatural reading of what appears to be a plainly-worded dispute resolution clause, *when read in its entirety*. As RIA points out, the fourth sentence naturally flows from the third sentence. When read together, those sentences provide that a trial by jury only applies when court enforcement of an arbitration agreement or an arbitrator's ruling is required.

      DHS fails to recognize Washington's basic rules of contract interpretation. Terms should be read contextually and every effort should be made to harmonize terms that, in isolation, might appear to conflict. *See Nishikawa v. U.S. Eagle High, LLC*, 158 P.3d 1265, 1268 (Wash. App. 2007) ("Our goal is to interpret the agreement in a manner that gives effect to all the contract's provisions."). DHS asks the Court to render the first three sentences in the dispute resolution clause "redundant and meaningless." *Fardig v. Reynolds*, 348 P.2d 661, 663 (Wash. 1960). Conversely, reading the fourth sentence as RIA suggests would provide meaning to each and

every sentence. *See Nishikawa*, 158 P.3d at 1268.[1] This approach is also consistent with the Supreme Court's application of general state contract law, which provides that "a document should be read to give effect to all its provisions and to render them consistent with each other." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995); *see also Preston v. Ferrer*, 552 U.S. 346, 361 (2008) (citing *Mastrobuono* in looking to harmonize seemingly conflicting provisions).

### C.  Stay

According to the FAA, if the Court determines that claims are subject to arbitration, the Court should "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, a district court may also dismiss a case where all claims must be submitted to arbitration. *See Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 637–39 (9th Cir. 1988). Because the parties' dispute resolution agreement allows for court involvement to enforce their arbitration agreement, dismissal would be inappropriate here. The matter should be stayed.

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion to compel and to stay (Dkt. No. 9) is GRANTED. The case is stayed pending the outcome of the arbitration. The Clerk is DIRECTED to statistically close this case.

DATED this 16th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, only RIA's interpretation is consistent with the basic principle of contract interpretation giving greater weight to specific versus general terms. *Adler v. Fred Lind Manor*, 103 P.3d 773, 786 (Wash. 2004) (citing 2 Restatement (Second) of Contracts § 203(c) (1981)).